UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: _____ |
| v. | ) ) | |
| 1) FANTASIA HOOKAH LOUNGE, LLC; | ) ) ) | |
| 2) MOHAMMAD ZAKIE ALSHAMMAT, | ) ) ) ) | |
| 3) JJG PROPERTIES, LLC, and | ) ) | |
| 4) JORGE HERNANDEZ, | ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Nautilus Insurance Company ("Nautilus"), pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks a Declaratory Judgment as to its rights and obligations under an insurance policy issued by it to Defendant Fantasia Hookah Lounge, LLC ("Fantasia"). Specifically, Nautilus seeks a judgment declaring that it has no duty to defend or indemnify Fantasia, Defendant Mohammad Zakie Alshammat ("Alshammat"), and/or Defendant JJG Properties, LLC ("JJG") from or against the claims of Defendant Jorge Hernandez ("Hernandez") in an underlying lawsuit brought by Hernandez which is pending in Tulsa County, Oklahoma. In support hereof, Nautilus alleges and states as follows:

## NATURE OF THE CLAIM

1. The present Declaratory Judgment Action arises out of claims for damages made by Hernandez against Fantasia, Alshammat, and JJG in a lawsuit styled "Jorge Hernandez v. Fantasia Hookah Lounge, LLC, et al.," Case No. CJ-2019-04189, in the District Court of Tulsa County, Oklahoma ("Underlying Suit"), JJG's Cross-Claim against Fantasia and Alshammat in the Underlying Suit. A copy of the Underlying Suit's Second Amended Petition is attached hereto as **Exhibit 1**, and a copy of JJG's Cross-Claim is attached hereto as **Exhibit 2**.

2. Nautilus seeks a declaration regarding the parties' respective rights and obligations, if any, under Commercial General Liability Policy No. NC541257 (the "Policy") issued by Nautilus to Fantasia for the period February 5, 2019, to February 5, 2020. A certified copy of the Policy is attached hereto as **Exhibit 3**.

## PARTIES

3. Nautilus is and at all times pertinent hereto has been a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Arizona.

4. Fantasia is and at all times pertinent hereto has been a limited liability company whose members are citizens of the State of Oklahoma, and whose principal place of business is within the Northern District of Oklahoma.

5. Alshammat is and at all times pertinent hereto has been a citizen of the State of Oklahoma and resides within the Northern District of Oklahoma.

6. JJG is and at all times pertinent hereto has been a limited liability company whose members are citizens of the State of Oklahoma, and whose principal place of business is within the Northern District of Oklahoma.

7. Hernandez is and at all times pertinent hereto has been a citizen of the State of Oklahoma and resides within the Northern District of Oklahoma.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

9. This Court has personal jurisdiction over Fantasia, Alshammat, JJG, and Hernandez, who are citizens of Oklahoma, and Nautilus, who is a citizen of Arizona, for purposes of federal court jurisdiction.

10. Venue is proper in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(a) (1) and (c) because Defendants Fantasia, Alshammat, JJG, and Hernandez are subject to the jurisdiction of this Court.

11. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred within this judicial district.

# FACTUAL BACKGROUND

**Hernandez's Claims Against Fantasia, Alshammat, and JJG**

12.  At all times pertinent hereto, Fantasia operated a hookah lounge at 4401 S. Memorial Drive in Tulsa, Oklahoma (the "Property").

13.  At all times pertinent hereto, Alshammat was the lessee of the Property and member of Fantasia.

14.  At all times pertinent hereto, JJG was the owner and lessor of the Property.

15.  Hernandez alleges that he was at the Property in the early morning of June 15, 2019.

16.  Hernandez alleges that, while he was at the Property, "a full blown fist fight" took place in the Property's parking lot.

17.  Hernandez alleges that, during the fight, a man named Armando Rodriguez-Suarez ("Rodriguez-Suarez") either "pulled a weapon from the trunk of his vehicle" or "took the weapon from another individual who had taken the weapon from the trunk of Rodriguez-Suarez's vehicle," and "fired the weapon a number of times in the air."

18.  Hernandez alleges that Fantasia's security guards "charged Rodriguez-Suarez with guns drawn," and that "when Rodriguez-Suarez saw the armed guards rushing toward him with their guns drawn, he lowered his weapon and fired in the direction of one or both of the security guards."

19.  Hernandez alleges that Fantasia's security guards "engaged in a shoot-out

with Rodriguez-Suarez as he made his getaway from Fantasia's parking lot."

20. Hernandez further alleges that Fantasia's security guards "engaged Rodriguez-Suarez in a gun battle in the presence of innocent bystanders, including Hernandez."

21. Hernandez alleges that "[a]s a result of the shoot-out, Hernandez … was shot by either Rodriguez-Suarez or one of the armed security guards during their exchange of gunfire."

22. During the shoot-out, Rodriguez-Suarez shot and killed one of Fantasia's security guards, Mohammed Elkour.

23. Rodriguez-Suarez pleaded guilty to Manslaughter – First Degree for his lethal shooting of Elkour.

24. Fantasia's security guard, Matthew Christman, testified that he fired his gun at Rodriguez-Suarez because Rodriguez-Suarez "was shooting shots towards me."

25. Another of Fantasia's security guards, Darren Ortiz, testified that he fired his gun at Rodriguez-Suarez because "he made me feel like he was going to fire again."

26. Hernandez claims Fantasia is liable in its alleged capacity as the hookah lounge's owner and operator, lessee of the Property, and employer of the security guards who engaged in the shoot-out.

27. Hernandez claims Alshammat is liable in his alleged capacity as Fantasia's owner and as lessee of the Property.

28. Hernandez claims JJG is liable in its alleged capacity as the Property's owner and lessor.

29. Hernandez claims compensatory damages for his physical injuries and for damages consequential thereto "in an amount in excess of $75,000.00," plus punitive damages.

### JJG's Cross-Claim Against Fantasia And Alshammat

30. JJG claims that Alshammat, in his individual capacity and doing business as Fantasia, leased the Property from JJG pursuant to the terms of a written Commercial Lease.

31. JJG claims that Hernandez's injuries resulted from Fantasia's and Alshammat's negligence and breach of duty.

32. JJG claims that the terms of the Commercial Lease require Fantasia and Alshammat to indemnify JJG from its liability, if any, to Hernandez.

33. JJG also claims that Fantasia and Alshammat are required by "common law" to hold JJG harmless from its liability, if any, to Hernandez.

### The Policy

34. The Insuring Agreement of the Policy's Coverage A – Bodily Injury and Property Damage Liability states, in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any

"suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

35. The Policy contains an All Assault Or Battery Exclusion which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ALL ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability, and Coverage C – Medical Payments:

Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

1. Actual or alleged assault or battery;

2. Physical altercation; or

3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

PD.36416361.1

This exclusion applies regardless of whether such actual or alleged damages are caused by any:

1. Insured;

2. "Employee";

3. Patron; or

4. Any other person; and

whether or not such damages occurred at any premises owned or occupied by any insured.

This exclusion applies to:

1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.

2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation, and specifically excludes from coverage claims or "suits" for:

    a. Emotional distress for loss of society, services, consortium or income; or

    b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

PD.36416361.1

    3.    Any obligation to share damages with or repay someone who must pay damages because of the injury.

    B.    We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation.

All other terms and conditions of this policy remain unchanged.

* * * *

36. The Policy contains a Punitive Or Exemplary Damages Exclusion, which provides as follows:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

* * * *

This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.

* * * *

## COUNT I – DECLARATORY RELIEF

**The All Assault Or Battery Exclusion
Precludes Coverage for Hernandez's and JJG's Claims**

37. Nautilus adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 36 as if copied herein in their entirety.

38. Hernandez claims that a "fist fight" in the Property's parking lot precipitated the "gun battle" or "shoot-out" between Rodriguez-Suarez and Fantasia's security guards, and that his injuries arise therefrom.

39. Fantasia's security guards admit that they intentionally fired their guns at Rodriguez-Suarez because Rodriguez-Suarez shot Elkour and was shooting towards them.

40. The All Assault Or Battery Exclusion precludes coverage for the claims against Fantasia and Alshammat in the Underlying Suit because those claims are for "'bodily injury'… arising out of any: 1. [a]ctual or alleged assault or battery; 2. [p]hysical altercation; or 3. [a]ny act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security."

41. The All Assault Or Battery Exclusion precludes coverage for the claims against Fantasia and Alshammat because it applies "regardless of whether such actual or alleged damages are caused by any: 1. [i]nsured; 2. '[e]mployee'; 3. [p]atron; or 4. [a]ny other person," and "whether or not such damages occurred at any premises owned or occupied by any insured."

42. The All Assault Or Battery Exclusion precludes coverage for the claims against Fantasia and Alshammat because it applies to "[a]ll causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or

PD.36416361.1

omission relating to such an assault or battery, or physical altercation."

43. The All Assault Or Battery Exclusion precludes coverage for JJG's claims against Fantasia and Alshammat because it applies to "[a]ny claims or 'suits' brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation."

44. The All Assault Or Battery Exclusion also precludes coverage for JJG's claims against Fantasia and Alshammat because it applies to "[a]ny obligation to share damages with or repay someone who must pay damages because of the injury."

45. Pursuant to the All Assault Or Battery Exclusion, Nautilus has no duty to defend or indemnify Fantasia or Alshammat from or against Hernandez's claims in the Underlying Suit.

## COUNT II – DECLARATORY RELIEF

### No Coverage For Punitive Or Exemplary Damages

46. Nautilus adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 45 as if repeated herein in their entirety.

47. Hernandez claims entitlement to punitive or exemplary damages in the Underlying Suit.

48. JJG claims that, in the event it is liable to Hernandez for punitive or exemplary damages, then Fantasia and Alshammat are obligated to indemnify and hold JJG harmless from any such punitive damages.

49. The Policy's Exclusion – Punitive Or Exemplary Damages Endorsement provides: "[t]his insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior."

50. Nautilus has no duty to indemnify Fantasia or Alshammat from any obligation to pay punitive or exemplary damages.

## COUNT III – DECLARATORY RELIEF

### Other Policy Terms, Conditions, Limitations And Exclusions

51. Nautilus's investigation continues into the particulars of Hernandez's and JJG's claims in the Underlying Suit.

52. In addition to the Policy provisions pleaded herein, Nautilus pleads all other terms, conditions, limitations, exclusions, warranties, and definitions of the Policy which may be found to be applicable as Nautilus's investigation continues, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as more specific information becomes available.

WHEREFORE, Nautilus respectfully requests that this Court enter a judgment in its favor, declaring as follows:

a. That the All Assault Or Battery Exclusion precludes coverage under the Policy for Hernandez's and JJG's claims against Fantasia and Alshammat in the Underlying Suit, and that Nautilus therefore does not have a duty to

      defend or indemnify Fantasia or Alshammat from or against those claims.

b.    Additionally or alternatively, that the Punitive Or Exemplary Damages Exclusion precludes coverage for Hernandez's claim for punitive or exemplary damages, and that Nautilus therefore has no duty to pay any sums that Fantasia and/or Alshammat is obligated to pay as punitive or exemplary damages in the Underlying Suit, whether to Hernandez or by any indemnity obligation to JJG or otherwise.

c.    By awarding Nautilus any such other and further relief that this Court deems just and proper.

Respectfully submitted,

*s/R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   (405) 606-3333
Facsimile:    (405) 606-3334
Email: tom@rkcglaw.com
**ATTORNEYS FOR PLAINTIFF,
NAUTILUS INSURANCE COMPANY**