UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0064-CVE-JFJ |
| ) | |
| FANTASIA HOOKAH LOUNGE, LLC, ) | |
| MOHAMMAD ZAKIE ALSHAMMAT, ) | |
| JJG PROPERTIES, LLC, and ) | |
| JORGE HERNANDEZ, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are plaintiff's motions for default judgment against defendant Fantasia Hookah Lounge, LLC ("Fantasia") (Dkt. # 41) and defendant Mohammad Zakie Alshammat (Dkt. # 43), as well as defendant Jorge Hernandez's responses (Dkt. ## 47, 48).[1] This case was filed on February 10, 2022, and plaintiff seeks declaratory judgment that it has no duty to defend or indemnify defendants Fantasia or Alshammat for the claims asserted against them in the Tulsa County litigation, Jorge Hernandez v. Fantasia Hooka Lounge, LLC, JJG Properties, LLC, and Mohammad Zakie Alshammat. Dkt. # 41, at 2; Dkt. # 43, at 2.

---

[1]  The Court notes that, while Hernandez's responses are labeled as "Response[s] to Plaintiff's Request for Entry of Default by the Clerk Against [each defendant]," they are actually responses to plaintiff's motions for default judgment (Dkt. ## 41, 43), and were properly docketed as such.  In effect, Hernandez's responses ask the Court to ensure that the entry of default judgment against Fantasia and Alshammat not affect his ability to present his defenses in this Court, to plaintiff's request for declaratory judgment as to its obligations to defend/indemnify Fantasia and Alshammat in Hernandez's state court case.

On April 17, 2022, defendant Fantasia was personally served with plaintiff's complaint in this case through its agent, Ghazwan Alchammat.[2]  Dkt. # 41-1, at 3.  Defendant Fantasia's answer or responsive pleading was due on May 9, 2022.  Defendant Fantasia has not filed a responsive pleading or otherwise entered an appearance.  Upon plaintiff's motion for entry of default by the Clerk (Dkt. # 40), the Court Clerk entered default against Fantasia Hookah Lounge, LLC on March 20, 2023.  Dkt. # 45.

On April 26, 2022, defendant Alshammat was personally served with plaintiff's complaint in this case.  Dkt. # 43-1, at 2.  Defendant Alshammat's answer or responsive pleading was due on May 17, 2022.  Defendant Alshammat has not filed a responsive pleading or otherwise entered an appearance.  Upon plaintiff's motion for entry of default by the Clerk (Dkt. # 42), the Court Clerk entered default against Mohammad Zakie Alshammat on March 20, 2023.  Dkt. # 46.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment by the Court is appropriate after entry of default by the Court Clerk.  The Court finds that default judgment should be entered in favor of plaintiff and against defendants Fantasia and Alshammat only.

Defendant Hernandez argues that he should not be deprived of his opportunity in this Court to present his defense that plaintiff "had a duty to provide coverage for the injuries which Hernandez suffered as a result of the negligence of [plaintiff]'s insured."  Dkt. # 47, at 1; Dkt. # 48, at 1.  In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941), the Supreme Court held that an "actual controversy" exists between an insurer and a third party injured by the insured when the insurer brings an declaratory judgment action against the parties seeking court determination of its

---

[2]  Defendant Alshammat and Fantasia's agent Alchammat have different spellings of their last names.

2

obligations to the insured and injured third parties under the insurance policy. Id. at 373-74; see also Franklin Life Ins. Co. v. Johnson, 157 F.2d 653, 658 (10th Cir.1946) ("In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured.").

While neither the Tenth Circuit nor the Oklahoma Supreme Court has considered the rights of injured third parties in insurer-initiated declaratory judgment actions in which the insured defendants default such as this one, other circuits have recognized that the injured's standing is independent of any rights or actions of the insured, and so a default judgment entered by the court against the insured does not nullify the controversy between the injured party and the insurer. See Penn Am. Ins. Co. v. Valade, 28 F. App'x 253, 257 (4th Cir. 2002) (stating that "the third party's interest in defining the scope of insurance coverage is independent of the interest of the insured," and "[w]hen an insurer initiates a declaratory judgment action against both an injured third party and its insured, the injured third party acquires standing—independent of that of the insured—to defend itself in the declaratory judgment proceeding"); Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 353 (3rd Cir.1986) (stating that the injured third party "ha[s] standing to defend the declaratory judgment action despite the absence of . . . the actual insured"); Hawkeye–Sec. Ins. Co. v. Schulte, 302 F.2d 174, 177 (7th Cir.1962) ("It would be anomalous to hold here that an actual controversy exists between [an injured third party] and [an insurer] and yet deny [the injured third party] the right to participate in the controversy.").

For similar reasons, the Court finds that Hernandez's interest in determining plaintiff's obligations to all parties, including the defaulting defendants, remains. Oklahoma recognizes that the "(r)elations of parties to an insurance policy are contractual and where proceeds are payable to a third person a third party beneficiary contract exists," Zahn v. Gen. Ins. Co. of Am., 611 P.2d 645, 647 (Okla. 1980) (citing Christian v. Metropolitan Life Ins. Co., 566 P.2d 445, 448 (Okla. 1977)), and OKLA. STAT. tit. 15 § 29 provides that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." In addition, "as concerns liability insurance, a third party's rights thereunder become vested at the time of the accident." Zahn, 611 P.2d at 647 (citing Bossert v. Douglas, 557 P.2d 1164 (Okla. Civ. App. 1976)). The insurance policy at issue here contains a provision that allows for an injured third party to bring a direct action against the insurer to recover for a judgment or settlement against the insured. Dkt. # 36-7, at 29. Should Hernandez receive a favorable judgment in the underlying suit against the defaulting defendants, he could bring a direct action to recover against plaintiff, but only if plaintiff's obligations to the parties in this declaratory action are decided in Hernandez's favor. Therefore, Hernandez, as the injured third party, must have an independent, and not derivative right, to be heard on the present declaratory judgment issue.

While Hernandez's potential ability to recover is contingent on the underlying case pending in the District Court of Tulsa County, State of Oklahoma, the current controversy is justiciable by virtue of the fact that plaintiff named Hernandez as a defendant and seeks a declaration of its obligations to him under the policy. See Fed. Kemper Ins. Co., 807 F.2d at 355 ("[T]he insurance company . . . initiated the action and brought the [injured third party] into federal court. As a result it would be anomalous to hold that the [injured third party] should not be given an opportunity to

establish their case against [insurer] because of a default which they could not prevent."). Therefore, the Court finds that the non-defaulting defendants must be afforded the opportunity to present their defenses concerning plaintiff's obligations to all defendants under its policy. As such, while default judgment is proper against defendants Fantasia and Alshammat, it would be premature for the Court to find, as part of the default judgment, that plaintiff has no duty to defend or indemnify the defaulting defendants for the claims asserted against them in the underlying action, as the controversy remains between plaintiff and the remaining defendants.

**IT IS THEREFORE ORDERED** that plaintiff's motions for default judgment (Dkt. ## 41, 43) are **granted in part** as to entry of default judgment against defendants Fantasia and Alshammat, and Fantasia and Alshammat have no rights in this case to defend or file claims. However, the Court makes no findings concerning plaintiff's duties and obligations to Fantasia and Alshammat, and the default judgment is without prejudice to the rights of the non-defaulting parties to defend or file claims in this case. A separate default judgment against defendants Fantasia and Alshammat only consistent with this opinion and order is entered herewith.

**DATED** this 22nd day of March, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE