**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

NAUTILUS INSURANCE COMPANY,

    Plaintiff - Appellee,

v.

FANTASIA HOOKAH LOUNGE, LLC; MOHAMMAD ZAKIE ALSHAMMAT; JORGE HERNANDEZ,

    Defendants - Appellants,

and

JJG PROPERTIES, LLC,

    Defendant.

No. 23-5129
(D.C. No. 4:22-CV-00064-CVE-JFJ)
(N.D. Okla.)

---

## ORDER AND JUDGMENT*

---

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal involves a dispute about the scope of coverage under a commercial insurance policy that Nautilus Insurance Company issued to Fantasia Hookah Lounge, LLC ("Fantasia"). Nautilus sought from the district court a declaratory judgment that the policy did not cover the liability of Fantasia, its owner, Mohammed Zakie Alshammat, or Fantasia's landlord, JJG Properties, LLC (collectively, "Fantasia Defendants"), for gunshot injuries Jorge Hernandez sustained during an exchange of gunfire between Fantasia's security guards and an armed patron. The district court granted summary judgment in favor of Nautilus, concluding that the policy's "Exclusion – All Assault or Battery" endorsement ("Exclusion"), Aplt. App. II at 345, excluded coverage for any claims arising out of Hernandez's injuries. Fantasia, Alshammat, and Hernandez ("Appellants") appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Fantasia operated a hookah lounge in Tulsa, Oklahoma. The lounge stayed open until 5:00 a.m. but did not serve alcohol. It was known as a popular destination for individuals to go after other bars or entertainment venues in the area had closed for the night.

On June 15, 2019, at approximately 2:00 a.m., a fistfight broke out among patrons in the lounge's parking lot. During the fight, a patron fired several gunshots into the air. Two of Fantasia's security guards then

2

exchanged gunfire with the patron. During the exchange, the patron shot and killed one of the guards. Hernandez was a bystander and also shot by either the patron or one of the guards, sustaining serious and permanent injuries such as permanent paralysis and is now a paraplegic.

Hernandez filed a lawsuit against the Fantasia Defendants in Oklahoma state court for damages (the "Underlying Suit"). There he asserted one claim, for negligence, alleging the Fantasia Defendants breached their duty to provide their business invitees reasonably safe business premises by regularly allowing after-hours crowds to gather in the lounge parking lot and consume alcohol, which often led to fights, and by failing to have sufficiently trained and qualified security personnel.

Nautilus agreed to defend Fantasia and Alshammat but reserved its rights to deny coverage and to withdraw its defense should it be determined that the policy does not cover the claims against them. Nautilus then filed a complaint for declaratory judgment in federal district court and moved for summary judgment, arguing that the Exclusion precludes coverage for Hernandez's claims. The policy provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.'" Aplt. App. II at 322. In relevant part, the Exclusion provides:

3

> Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments *arising out of* any:
>
> 1. Actual or alleged assault or battery;
>
> 2  Physical altercation; or
>
> 3. Any act or omission *in connection with* the prevention or suppression of such acts, including the alleged failure to provide adequate security.
>
> This exclusion applies regardless of whether such actual or alleged damages are caused by any:
>
> 1. Insured;
>
> 2. "Employee";
>
> 3. Patron; or
>
> 4. Any other person; and
>
> whether or not such damages occurred at any premises owned or occupied by any insured.

*Id.* at 345 (emphasis added). The Exclusion states that it "applies to . . . [a]ll causes of action *arising out of* any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission *relating to* such an assault or battery, or physical altercation." *Id.* (emphasis added). The Exclusion further provides that Nautilus "will have no duty to defend or indemnify any insured in any action or proceeding alleging damages *arising out of* any assault or battery, or physical altercation." *Id.* (emphasis added).

The district court granted Nautilus's summary judgment motion, concluding that although Hernandez did not assert a cause of action in the

4

Underlying Suit based on assault or battery, his negligence claim arose out of the injuries he received during the shooting, and therefore the Exclusion unambiguously excluded those claims from coverage. The court rejected Hernandez's reliance on the "concurrent proximate cause rule" because he had not demonstrated any injuries that arose from the alleged negligence other than those resulting from the shooting. This timely appeal followed.

## II

We review de novo a district court's decision to grant summary judgment, applying the same standard governing the district court. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 930 (10th Cir. 2018). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We view all facts and evidence in the light most favorable to the party opposing summary judgment." *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (internal quotation marks omitted).

"A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." *Siloam Springs Hotel*, 906 F.3d at 930 (internal quotation marks omitted). Under

Oklahoma's general choice-of-law rule, the interpretation of an insurance contract "is governed by the law where the contract is made." *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 793 (Okla. 1991). The policy in this case was made in Oklahoma. *See* Aplt. App. II at 305 (showing Oklahoma addresses for the insured and the insurance agent, and stating that the policy was "Countersigned" in Oklahoma). We therefore apply Oklahoma insurance law to resolve the issues in this appeal.[1]

Under Oklahoma law, "[i]nsurance policies are contracts interpreted as a matter of law," and "[w]hen policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning." *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005) (footnote omitted). "A federal district court's state-law determinations are entitled to no deference and are reviewed de novo." *Siloam Springs Hotel*, 906 F.3d at 931 (internal quotation marks omitted).

### III

Appellants argue the district court erred by not applying the concurrent proximate cause rule. According to the primary case they rely on, the concurrent proximate cause rule provides that if an injury has two concurrent proximate causes, one that is covered by an insurance policy and

---

[1] The parties have given no indication that any other law applies, and there appears to be no choice of law provision in the policy.

6

one that is excluded, a court will construe the policy to provide coverage if the causes are "truly independent and distinct." *Adams v. Certain Underwriters at Lloyd's of London*, 589 S.W.3d 15, 29 (Mo. Ct. App. 2019).

Appellants argue that Oklahoma follows the concurrent proximate cause rule stated in *Adams*. From that premise, they assert that Hernandez alleged in the Underlying Suit that the Fantasia Defendants were negligent in the operation of their business and that negligence is the concurrent proximate cause of the injuries Hernandez suffered. Therefore, they argue, the policy provides coverage notwithstanding the exclusion of coverage for assault or battery.

*Adams*, however, involved application of Missouri law, not Oklahoma law. And we have found no case involving Oklahoma law where an Oklahoma court applied the concurrent proximate cause rule. Instead, Oklahoma appears to apply the related but distinct "efficient proximate cause doctrine." *See Nat'l Am. Ins. Co. v. Gerlicher Co.*, 260 P.3d 1279, 1286 (Okla. Civ. App. 2011) ("The efficient proximate cause doctrine has been applied in Oklahoma.") (citing *Shirey v. Tri-State Ins. Co.*, 274 P.2d 386 (Okla. 1954)); *see also Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 714 (10th Cir. 2021) (recognizing that Oklahoma "embraced" the efficient proximate cause doctrine in *Shirey*). Unlike the "independent and distinct" requirement of the concurrent proximate cause

7

rule, *see Adams*, 589 S.W.3d at 29, the efficient proximate cause doctrine "applies when at least two identifiable causes *combine* to form a single property loss, and one is covered under the policy while the other one is excluded under the policy," *Gerlicher*, 260 P.3d at 1286 (emphasis added). But like the concurrent proximate cause rule, the efficient proximate cause doctrine provides that "[i]f the insured successfully demonstrates that the proximate cause of the loss is covered under the policy, the entire loss is covered notwithstanding the fact that an event in the chain of causation was specifically excluded from coverage." *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 133 (Okla. Civ. App. 2005) (italics omitted).

Nonetheless, for purposes of argument, we will assume Oklahoma would apply the concurrent proximate cause rule in this case rather than the efficient proximate cause doctrine. And we will further assume that the alleged negligence by the Fantasia Defendants was a proximate cause of Hernandez's injuries. But as we explain, even with such assumptions, the concurrent proximate cause rule is inapplicable because the Exclusion precludes coverage for the negligence alleged in the Underlying Suit.[2]

Again, the premise of Appellants' argument is that the Fantasia Defendants' alleged negligence with respect to the parking lot conditions

---

[2] The result would be the same under the efficient proximate cause doctrine because it too requires at least one covered proximate cause.

8

and security is a proximate cause of Hernandez's injuries and is covered under the policy. A close reading of the Exclusion, however, reveals otherwise.³

The Exclusion uses three relevant phrases in defining its scope: "arising out of," "in connection with," and "relating to." Aplt. App. II at 345. Oklahoma broadly construes such phrases when used in an insurance policy. The Oklahoma Supreme Court has described the phrase "'arising out of . . . use' in a liability policy" as being "broad, general and comprehensive," and has observed that like Oklahoma courts, courts in other jurisdictions construing "'arising out of'" have understood it to mean "'originating from,' 'having its origins in,' 'growing out of,' or 'flowing from.'" *Ply v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 81 P.3d 643, 649 (Okla. 2003).

Furthermore, in *Federal Insurance Co. v. Tri-State Insurance Co.*, 157 F.3d 800 (10th Cir. 1998), this court considered the Oklahoma Court of Appeals' holding that "'arising out of' merely requires causation-in-fact.'"

---

³ We need not decide if Appellants bear the burden to establish coverage for the negligence claim under the policy or if Nautilus bears the burden to show it is excluded; we reach the same result regardless of who shoulders the burden. *Compare U S. Fid. & Guar. Co. v. Briscoe*, 239 P.2d 754, 756 (Okla. 1951) ("The insurer is, of course, entitled to stand upon its contract, as written and the [plaintiff] must bring himself within the terms of the policy, before he can establish insurer's liability thereon."), *with Fehring v. Universal Fid. Life Ins. Co.*, 721 P.2d 796, 799 (Okla. 1986) (explaining that the insurer has the burden to prove an exclusion applies).

9

*Id.* at 803 (quoting *Wallace v. Sherwood Constr. Co.*, 877 P.2d 632, 633 (Okla. Civ. App. 1994)). We viewed that holding as "consistent with the general consensus that the phrase 'arising out of' should be given a broad reading such as 'originating from' or 'growing out of' or 'flowing from' or 'done *in connection with*'—that is, it requires some causal connection to the injuries suffered." *Id.* at 804 (emphasis). But "proximate cause in the legal sense" is not required. *Id.* Although we have found no case on point, there appears to be no reason to think Oklahoma courts would construe less broadly the phrase "relating to."

We start with the exclusions of coverage for any "'bodily injury' . . . arising out of any . . . assault or battery" or "[p]hysical altercation," and for "[a]ll causes of action arising out of any assault or battery" or "physical altercation." Aplt. App. II at 345. Hernandez's bodily injuries and the resulting negligence cause of action he asserted in the Underlying Suit clearly *arose out of* (i.e., originated from, had its origin in, grew out of, or flowed from) an assault or battery—being shot.

In civil actions, Oklahoma employs the definitions of "assault" and "battery" found in the Restatement (Second) of Torts. *See Brown v. Ford*, 905 P.2d 223, 229 n.34 (Okla. 1995), *overruled on other grounds by Smith v. Pioneer Masonry, Inc.*, 226 P.3d 687, 689 (Okla. 2009). The Restatement defines assault to include intentionally causing "a harmful or offensive

10

contact with the person of the other or a third person," Restatement (Second) of Torts § 21 (1965), and it defines battery to include intentionally causing "a harmful or offensive contact with the person of the other or a third person" and such a contact "directly or indirectly results," *id.* § 13. Under Oklahoma law, "'intent . . . denote[s] that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.'" *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 577 (Okla. 2005) (quoting Restatement (Second) of Torts § 8A (1965)); *see also Wells v. Okla. Roofing & Sheet Metal, L.L.C.*, 457 P.3d 1020, 1025 (Okla. 2019) ("It is well-settled that the common law divides actionable tortious conduct into two categories: (1) accidental and (2) willful acts that result in intended or unintended harm.").

Applying these definitions, all shots fired during the shootout were, indisputably, intentional acts; none were accidental.[4] Thus, Hernandez's bodily injuries and his negligence cause of action arose out of an assault or battery. It is equally true that Hernandez's bodily injuries and his negligence cause of action arose out of a "physical altercation," Aplt. App. II at 345—the fist fight progressed to an exchange of gunfire, resulting in his

---

[4] We acknowledge that the Exclusion applies "[r]egardless of culpability or intent of any person," Aplt. App. II at 345, but in an abundance of caution, we consider intent as part of determining whether an assault or battery occurred here.

11

injuries. Hernandez did not allege that he sustained any injuries other than those resulting from being shot, so Hernandez's bodily injuries and his negligence cause of action necessarily arose out of the assault, battery, or physical altercation.

If this were not enough to bring Hernandez's bodily injuries and negligence cause of action within the Exclusion, we readily conclude that the bodily injuries arose out of "act[s] or omission[s] *in connection with* the prevention or suppression of" an assault, battery, or physical altercation, *id.* (emphasis added). Moreover, the Exclusion similarly emphasizes that it applies "to any act, error, or omission *relating to* . . . an assault or battery, or physical altercation." *Id.* (emphasis added). The allegations that the Fantasia Defendants' negligence fomented the conditions that led to Hernandez's injuries (be they viewed as arising from an assault, a battery, or a physical altercation) fall within the meaning of this portion of the Exclusion, too. Finally, the Exclusion states that Nautilus "will have no duty to defend or indemnify any insured in any action or proceeding alleging damages *arising out of* any assault or battery, or physical altercation." *Id.* (emphasis added). We fail to see how the damages at issue in Hernandez's negligence cause of action escape the reach of this provision.

In sum, we agree with the district court that the Exclusion denies coverage under the insurance policy for any liability the Fantasia

12

Defendants may have for Hernandez's negligence claim. Nautilus has no duty to defend or indemnify its insured in the Underlying Suit.[5]

AFFIRMED.

                                                    Entered for the Court

                                                    Richard E.N. Federico
                                                    Circuit Judge

---

[5] Our conclusion that the Exclusion applies is in accord with at least two other cases applying Oklahoma law: *Event Security, LLC v. Essex Insurance Co.*, 715 F. App'x 853, 855–56 (10th Cir. 2017), where this court reached the same result when faced with a similar exclusion and a negligence claim, and *Great Lakes Insurance SE v. Bank of Eufaula*, 391 F. Supp. 3d 1060, 1065 (E.D. Okla. 2019), where the district court held that a similar exclusion extended to claims that a bank was negligent in not hiring enough security and in having too many entrances.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

October 03, 2024

Mr. Thomas Martin Askew
Mr. William G. James
Ms. Sharon K Parker
Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 West 6th Street
Tulsa, OK 74119-1010

**RE:**   **23-5129, Nautilus Insurance Company v. Fantasia Hookah Lounge, et al**
Dist/Ag docket: 4:22-CV-00064-CVE-JFJ

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Amy E. Bradley-Waters
　　Douglas Matthew Kleeman

CMW/djd

## Darian White

| | |
|---|---|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov |
| **Sent:** | Thursday, October 3, 2024 9:19 AM |
| **To:** | CM-ECF Intake OKND |
| **Subject:** | 23-5129 Nautilus Insurance Company v. Fantasia Hookah Lounge, et al "Case termination for order and judgment" (4:22-CV-00064-CVE-JFJ) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 10/03/2024 at 8:17:00 AM Mountain Daylight Time and filed on 10/03/2024

| | |
|---|---|
| **Case Name:** | Nautilus Insurance Company v. Fantasia Hookah Lounge, et al |
| **Case Number:** | 23-5129 |
| **Document(s):** | Document(s) |

**Docket Text:**
[11125860] Affirmed. Terminated on the merits after submissions without oral hearing. Written, signed, unpublished; Judges Phillips, Baldock and Federico (authoring judge). Mandate to issue. [23-5129]

**Notice will be electronically mailed to:**

Mr. Thomas Martin Askew: taskew@riggsabney.com, bboyd@riggsabney.com
Ms. Amy E. Bradley-Waters: abradley-waters@piercecouch.com, amybradleywaters@hotmail.com, kwolfe@piercecouch.com, wwilliams@piercecouch.com, sbrown@piercecouch.com
Mr. William G. James: gjames@riggsabney.com, bboyd@riggsabney.com
Mr. Douglas Matthew Kleeman: doug.kleeman@phelps.com, lori.hook@phelps.com
Sharon K Parker: sparker@riggsabney.com

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** 23-5129.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=10/03/2024] [FileNumber=11125860-0]

[a7143c44d5212dacee4f74bcf63f2fd8797431f6139f3d8036edd85ffeeaf24a07c8bd82167ed344d8b1ced99114e8f935cff812017fb96dc485991cf5938aed]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/235129_11125860_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=10/03/2024] [FileNumber=11125860-1] [d4d3944a3b5f3923b78a0380c2c06480a07753fe06aa3f9efe7787c7839efadc6858264e40f3586c9a21e482859c88508f9084e8b2f9802b8cd0b05324b959eb]]

**Recipients:**

- Mr. Thomas Martin Askew
- Ms. Amy E. Bradley-Waters
- Mr. William G. James
- Mr. Douglas Matthew Kleeman
- Sharon K Parker